UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                :

**RUSSELL SPAIN**,

                  Plaintiff,                       **MEMORANDUM DECISION AND ORDER**

        – against –

                                         25-CV-5101 (AMD)

**COMMISSIONER OF SOCIAL SECURITY**,

                  Defendant.

-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The *pro se* plaintiff brings this action against the Commissioner of Social Security for immediate payment of retroactive and future Supplemental Security Income ("SSI") benefits. The plaintiff seeks "emergency relief" pursuant to Federal Rule of Civil Procedure 65, but does not identify the statute on which he relies in bringing this action. For the reasons set forth below, the plaintiff's motion for preliminary injunctive relief is denied.

## BACKGROUND

      On September 6, 2023, the plaintiff brought an action against the Commissioner of Social Security, and on April 6, 2024, the parties stipulated to remand the Commissioner's final decision for further administrative proceedings. *See Spain v. Comm'r of Soc. Sec.*, 23-CV-6665, ECF No. 13 (April 16, 2024). On June 25, 2025, a Social Security Administration (SSA) Administrative Law Judge (ALJ) found the plaintiff eligible for SSI disability benefits as of December 28, 2015 — the date the plaintiff filed for SSI. (ECF No. 6-1 at 10.) The ALJ concluded that the plaintiff met the disability requirements for SSI under Section 1614(a)(3)(A) of the Social Security Act; however, the "component of the Social Security Administration

responsible for authorizing supplemental security income will advise the claimant regarding the non-disability requirements for these payments and, if the claimant is eligible, the amount and the months for which payment will be made." (*Id.* at 11.)

In an August 18, 2025 Notice of Award letter, the SSA explained that the plaintiff was due $37,649.46 in retroactive SSI benefits from January 2016 through August 2025. (ECF No. 6-2 at 1–2.) The plaintiff's SSI benefits were reduced because of food and shelter he received when he lived in someone else's home or apartment from December 2015 through December 2018 and from October 2024 through September 2025. (*Id.* at 3.) The plaintiff was not eligible to receive SSI payments from March 2022 through August 2025 because of his income. (*Id.* at 2–3.) The SSA advised the plaintiff that he had a right to appeal within 60 days if he disagreed with the SSA's findings. (*Id.* at 5–6.)

On August 26, 2025, the SSA sent the plaintiff a letter with information about his SSI payment, (ECF No. 6-3), which included the following information:

> We are holding your first payment of $37,649.46 for all or part of the period December 2015 through February 2022 because you agreed in writing that the NYC DEPT OF SOCIAL SER would be repaid the money it paid you for all or part of the period December 2015 through February 2022. After that agency tells us how much it should be repaid, we will send it the money from your first payment. If any money is left from the first payment, we will send it to you. The NYC DEPT OF SOCIAL SER should send you a letter explaining what you should do if you disagree with the amount they told us to pay them.

(ECF No. 6-3 at 1.)[1]

---

[1] According to the Commissioner, the money the SSA gave the plaintiff money was Interim Assistance (IA), which is "assistance the State gives you, including payments made on your behalf to providers of goods or services, to meet your basic needs." (ECF No. 6 at 2 n.2 (quoting 20 C.F.R. § 416.1902).) "Pursuant to 20 C.F.R. § 416.1901(a), the SSA 'may withhold your SSI benefit and/or State supplementary payments and send them to the State (or a political subdivision of the State) as repayment for interim assistance it gave you while your application for SSI was pending.'" (*Id.*)

2

On September 9, 2025, the plaintiff initiated this action by filing a complaint and an "emergency motion for temporary restraining order and preliminary injunction" pursuant to Federal Rule of Civil Procedure 65 that seek the same relief. (ECF Nos. 1, 2.) He alleges that the SSA withheld his SSI benefits improperly and seeks an order directing the SSA to (1) pay his retroactive SSI benefits from January 2016 through August 2025 in one lump sum payment, (2) pay his September 2025 benefit, (3) "place [him] in current-pay (C01) SSI status and certify ongoing monthly benefits," (4) restore his "full adult SSI rate," and (5) certify compliance with the order. (ECF No. 1 at 1; ECF No. 2 at 1–2.)

The next day, September 10, 2025, the SSA advised the plaintiff by letter that the SSA would increase his monthly SSI payment "from $0.00 to $967.00 beginning October 2025" because his "situation [had] changed." (ECF No. 6-4 at 1.) According to the letter, the amount changed in part because the plaintiff was "not receiving free food and shelter while living in someone else's home or apartment for January 2016 through September 2025." (*Id.*) The SSA determined that the plaintiff was due "a back payment of $58,221.45," in addition to his "previous back money of $37,649.46," which was being withheld for IA reimbursement. (*Id.*; *see also* ECF No. 6 at 3.) The plaintiff would receive his first "monthly payment of $967.00 around October 1, 2025, and on the first of each month after that." (ECF No. 6-4 at 1.) If the plaintiff disagreed with the decision, he could appeal within 60 days. (*Id.* at 4–5.)

On September 12, 2025, the Court issued an order to show cause directing the Commissioner to respond to the plaintiff's motion. (*ECF Order dated Sept. 12, 2025.*) On September 17, 2025, the Commissioner responded to the order to show cause. (ECF No. 6.) The next day, September 18, 2025, the plaintiff filed a reply in support of his motion. (ECF No. 9.)

3

The plaintiff filed a "supplemental declaration" on September 22, 2025 (ECF No. 10), and the plaintiff filed a "status update" on October 1, 2025 (ECF No. 11).

## LEGAL STANDARD

"[A] preliminary injunction is an extraordinary remedy that should not be granted as a routine matter." *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990). "The basic requirements to obtain injunctive relief have always been a showing of irreparable harm and the inadequacy of legal remedies." *Nechis v. Oxford Health Plans, Inc.,* 421 F.3d 96, 103 (2d Cir. 2005). Thus, a "party seeking a preliminary injunction must establish that 1) absent injunctive relief, it will suffer irreparable harm, and 2) either a) that it is likely to succeed on the merits, or b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." *Otokoyama Co. v. Wine of Japan Imp., Inc.*, 175 F.3d 266, 270 (2d Cir. 1999). "Motions for preliminary injunctions are 'frequently denied if the affidavits [in support of the motion] are too vague or conclusory to demonstrate a clear right to relief under Rule 65.'" *Shenk v. Soc. Sec. Admin.*, No. 12-CV-4370, 2012 WL 5196783, at *8 (E.D.N.Y. Oct. 19, 2012) (quoting Wright & Miller, *Fed. Practice & Proc.* § 2949 (2004)). "It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008).

## DISCUSSION

**I.    Irreparable Harm**

The plaintiff asserts the following irreparable harm: "Negative bank balance, unpaid rent, inability to obtain food/medicine, and missed medical care." (ECF No. 2 at 3.) The Commissioner argues that the plaintiff has not established irreparable harm because "the remedy

4

for his alleged injury is largely one of monetary damages, *i.e.*, immediate SSI payment status along with an immediate 'Lump-Sum' monetary award for retroactive benefits." (ECF No. 6 at 3.) According to the Commissioner, the plaintiff's claim that he suffered alleged irreparable harm because he could not afford food and medication and missed medical care is "belied by the fact that Plaintiff has been receiving IA payments of a sizeable amount from the NYC Department of Social Services." (*Id.* at 3.)[2] The plaintiff responds that he continues to suffer irreparable harm and that he has "endured nearly ten years without lawful SSI benefits." (ECF No. 9 at 5.) According to the plaintiff, the Commissioner's "belated correction" proves that he is entitled to benefits but does not give him a remedy; he says he "still lacks the lump sum retroactive award," did not get his September payment, and "October is only the first live check." (*Id.*) He also argues that it is "not in [his] best interests" to be paid in installments, which "prolong[s] harm." (ECF No. 11 at 3.)

      The plaintiff has not established irreparable harm because he has an adequate remedy at law: he can appeal the SSA's decisions. The SSA informed him in two notices — August 18 and September 10, 2025 — that he could appeal the SSA's findings. (*See* ECF No. 6-2 at 5–6; ECF No. 6-4 at 4–5.) Thus, the plaintiff was aware that he could appeal any decision with which he disagreed, including the decision to pay him in monthly installments. Indeed, the deadline to appeal the September 10, 2025 notice has not passed; he has 60 days from the date of decision — until November 9, 2025 — to appeal, so this remedy is still available.

---

[2] The Commissioner also disputes the plaintiff's allegation that he received reduced SSI benefits because he was misclassified as a child. (ECF No. 2 at 3.) The Commissioner asserts that the "underlying SSI disability claim is not one for child's SSI benefits," and in any event, the "amount of an SSI award is not measured by whether the recipient is a child or adult." (ECF No. 6 at 4.) The plaintiff concedes that the Commissioner's "September 10 correction" fixed his classification and "recalculated his entire SSI history accordingly." (ECF No. 9 at 3.) He nevertheless argues that the "withheld funds remain unpaid until the lump sum is released." (*Id.*)

5

The plaintiff does not dispute that he has not exhausted his administrative remedies. Rather, he argues that "[a]dministrative appeal rights are irrelevant" because the September 10 notice "contains boilerplate language about 'how to appeal'" which "does not supersede [his] pending Rule 65 motion." (ECF No. 9 at 4.) Although the plaintiff first asserted that requiring him to exhaust his administrative remedies is "futile," and "neither adequate nor fair" "[f]or a claimant at $0 income" because the "process results in 3–4 years of delay" (ECF No. 10 at 3), he has since conceded that the SSA "paid October's benefit early on September 26" and "issued a small $2,901 installment" after his filings. (ECF No. 11 at 2–3.) Thus, the plaintiff not only has an adequate remedy at law through the administrative appeals process, he has also already received payment pursuant to the September 10 notice. Injunctive relief is therefore inappropriate in this case.

## II.     Likelihood to Succeed on the Merits

Moreover, the plaintiff is not likely to succeed on the merits because the Court does not have jurisdiction to grant the plaintiff the relief he seeks. The Second Circuit has "identified three possible sources of subject-matter jurisdiction over the SSA:" (1) "28 U.S.C. § 405(g);" (2) "42 U.S.C. § 1331;" and (3) "the federal mandamus statute, 28 U.S.C. § 1361." *Shenk,* 2012 WL 5196783, at *9 (citing *Binder & Binder PC v. Barnhart,* 481 F.3d 141, 147 (2d Cir. 2007)). The Court does not have jurisdiction under any of these statutes.

First, 28 U.S.C. § 405(g) provides for judicial review of the Commissioner's decisions relating to SSI claims arising under Title XVI of the Social Security Act.

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

6

42 U.S.C. § 405.  "The United States Supreme Court has held that the final-decision-after-a-hearing requirement is critical to the federal court's grant of subject matter jurisdiction over claims under section 405(g)."  *Shenk*, 2012 WL 5196783, at *9.  "To obtain a judicially reviewable 'final decision' as construed by SSA regulations . . . a claimant must exhaust a four-step administrative process."  *Eichie v. Kuakazi*, No. 21-CV-10712, 2023 WL 1438327, at *5 (S.D.N.Y. Feb. 1, 2023) (citations omitted).  "This four-step process involves (1) an agency initial determination; (2) reconsideration; (3) hearing before an ALJ; and (4) Appeals Council review."  *Id.* (citing 20 C.F.R. §§ 404.900, 416.1400).  A claimant can also request waiver of the multi-step appeals process by using an expedited appeals process.  *Okocha v. Disman*, No. 11-CV-1854, 2012 WL 6860892, at *9 (S.D.N.Y. Oct. 1, 2012), *report and recommendation adopted sub nom. Okocha v. Comm'r of Soc. Sec.*, No. 11-CV-1854, 2013 WL 163834 (S.D.N.Y. Jan. 15, 2013) (citing 20 C.F.R. §§ 416.1400(a)(5)-(6), 416.1423).  As discussed above, the plaintiff has not exhausted his administrative remedies because, by his own admission, he has not appealed the August 18 or September 10 notices in which the SSA explained how his benefits were calculated.  Nor is there any evidence that he "fulfilled the requirements to use the expedited appeals process" by submitting to the SSA a "written request to invoke this process or signed the requisite agreement with an SSA representative."  *Id.*

The exhaustion requirement may be excused: (1) where "the claim is collateral to a demand for benefits;" (2) if "exhaustion would be futile;" or (3) if the plaintiff "would suffer irreparable harm if required to exhaust administrative remedies."  *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996).  The plaintiff has not shown that any of these circumstances exist.  His claim is not collateral to a demand for benefits; it is a request for "release of SSI benefits already awarded."  (ECF No. 2 at 5.)  *Compare Baptiste v. Comm'r of Soc. Sec.*, No. 09-CV-10178, 2010

7

WL 2985197, at *1 (S.D.N.Y. July 27, 2010) (the plaintiff's claim for "an order requiring the SSA to pay her the two months' worth of benefits it has withheld and interim benefits pending the outcome of the ALJ hearing" is "not collateral to a demand for benefits; indeed, it is a claim for benefits") *with Bowen v. City of New York*, 476 U.S. 467, 483 (1986) ("The claims in this lawsuit are collateral to the claims for benefits that class members had presented administratively.  The class members neither sought nor were awarded benefits in the District Court, but rather challenged the Secretary's failure to follow the applicable regulations.").

      Nor would exhaustion be futile.  That is so even if the administrative appeals process is time-consuming.  *See Abbey v. Sullivan*, 978 F.2d 37, 46 (2d Cir. 1992) ("[T]he expense and delay of completing the administrative process will not ordinarily justify waiver.").  Indeed, the Commissioner has already begun to provide the relief that the plaintiff seeks; the SSA notified the plaintiff that it would increase his monthly SSI payment because his situation had changed. (ECF No. 6-4 at 1.)  *See Allen on behalf of Jimenez v. Comm'r of Soc. Sec.*, No. 16-CV-1298, 2017 WL 1102665, at *2 (S.D.N.Y. Mar. 23, 2017) (an alleged nine-month delay was insufficient to constitute a denial of due process because "the Commissioner has since made affirmative steps towards the resolution of [the plaintiff's] case by granting her request for reconsideration after the filing of the Complaint").

      Moreover, the plaintiff will not suffer irreparable harm because he is getting benefits. The SSA has informed him that he "will receive [his] monthly payment of $967.00 around October 1, 2025, and on the first of each month after that" (ECF No. 6-4 at 1), and the plaintiff concedes that "SSA . . . paid October early, and issued a small $2,901 installment only after [his]

8

filings" (ECF No. 11 at 3).  The plaintiff's disagreement with the rate at which he is receiving benefits does not give the Court jurisdiction under 28 U.S.C. § 405(g).[3]

In addition, the plaintiff does not allege a basis for jurisdiction pursuant to 42 U.S.C. § 1331, which provides that federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  *Cf. Shenk*, 2012 WL 5196783, at *10 (construing a complaint that alleges violations of Title II of the ADA, section 504 of the Rehabilitation Act, and various provisions of the United States Constitution to "imply that Plaintiff is attempting to bring [the] action under 28 U.S.C. § 1331").  But even if he did, 28 U.S.C. § 405(g) "prevents [the plaintiff] from frustrating the exhaustion requirements of § 405(g) by bringing suit under § 1331."  *Id.*  Although "Section 405(h) does not bar suit where there is no appropriate administrative forum," "there was an avenue for administrative review" here.  *Id.*

Finally, under 28 U.S.C. § 1361, federal district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  "However, mandamus, like injunctive relief, is an equitable remedy and can only be granted where the party seeking issuance of the writ can establish, among other things, that he or she has 'no other adequate means to attain the relief he [or she] desires.'"  *Shenk,* 2012 WL 5196783, at *10 (quoting *Cheney v. U.S. Dist. Ct. for Dist. of Columbia,* 542 U.S. 367, 380 (2004)).  As explained above, the plaintiff has not

---

[3] The plaintiff also appears to argue that installment payments violate *Sharpe v. Sullivan*, 79-CV-1977 (S.D.N.Y.).  According to the plaintiff, *Sharpe* required the SSA to release all his benefits within 75 days of the favorable decision on June 25, 2025.  (*See e.g.,* ECF No. 9 at 2.)  Although the plaintiff got a boilerplate *Sharpe*-related class action notice, he is not a proper member of the *Sharpe* class because he received interim assistance payments from the NYC Department of Social Services.  (ECF No. 6 (citing POMS HA 01540.048 ("A person is not a Sharpe class member if" the claimant has been verified as "receiving Interim Assistance benefits from the State of New York")).)

9

exhausted his administrative remedies, and waiver of the exhaustion requirement is not warranted here, so he cannot proceed under 28 U.S.C. § 1361.[4]  The Court does not have jurisdiction, so the plaintiff is not likely to succeed on the merits.  Thus, the plaintiff has not "demonstrated sufficiently serious questions going to the merits to make them a fair ground for litigation or that the balance of hardships tips decidedly in her favor."  *Shenk*, 2012 WL 5196783, at *11.

## CONCLUSION

For these reasons, the plaintiff's motion for preliminary injunctive relief is denied and the complaint is dismissed without prejudice.  The Clerk of Court is respectfully directed to enter judgment and close this action.

**SO ORDERED.**

                                                                                   s/Ann M. Donnelly
                                                                     ANN M. DONNELLY
                                                                     United States District Judge

Dated: Brooklyn, New York
       October 9, 2025

---

[4] Citing *Headen v. Sullivan*, No. 91-CV-5817, 1992 WL 471168, at *2 (S.D.N.Y. Sept. 8, 1992), the Commissioner says that the plaintiff's claim is moot because he is getting benefits.  (ECF No. 6 at 4–5.)  Since the plaintiff is seeking a lump sum payment of all retroactive benefits, his claim is not moot.  As explained above, however, the plaintiff is not likely to succeed on the merits.